UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARQUETTE TRANSPORTATION CO., | CIVIL ACTION
INC. AND BLUEGRASS MARINE,
INC.

VERSUS | NO: 06-9053

EAGLE SUBARU, HER ENGINES, | SECTION: R(2)
TACKLE, APPAREL, ETC., IN
REM, AND AET INC. LTD., V
SHIPS ASIA MSI PTE. LTD., AND
THE UNITED KINGDOM MUTUAL
STEAMSHIP ASSURANCE
ASSOCIATION (BERMUDA) LTD.,
IN PERSONAM

### ORDER AND REASONS

Before the Court is plaintiff Marquette Transportation Co., Inc.'s and Bluegrass Marine, Inc.'s motions *in limine* to admit in evidence all PortVision AIS data subject to its limitations and mistakes[1] and to admit the expert report of Larry Earl Strouse.[2] Also before the Court is defendant AET Inc. Ltd.'s motion *in*

---

[1] (R. 90.)

[2] (R. 91.)

*limine* to exclude evidence of 2009 meetings between other vessels.[3]

I.  **BACKGROUND**

This dispute involves a collision in the Mississippi River on October 21, 2006. Plaintiffs assert that the upbound M/V Eagle Subaru, an oil tanker owned by AET, failed to stay well clear as the downbound M/V Bruce L. Hahn, a towboat owned and operated by plaintiffs, and her 25 barge flotilla passed through Sardine Crossing. According to plaintiffs, AET is at fault for the collision and liable for $2,254,000 in stipulated damages. For its part, AET asserts that the Bruce was traveling on the wrong side of the river and failed to navigate as the parties had agreed. According to AET, plaintiffs are solely responsible for the collision and liable for $750,000. In the alternative, AET asserts that plaintiffs' faulty navigation placed defendant in extreme danger, and thus any fault of AET should be excused.

II. **DISCUSSION**

A.  **Plaintiffs' Motion *In Limine* to Admit All PortVision AIS Data Subject to Its Limitations and Mistakes, and AET's**

---

[3] (R. 88.)

2

**Motion *In Limine* to Exclude Evidence of 2009 Meetings Between Other Vessels**

The Bruce, like many other vessels, is fitted with an Automated Identification System (AIS) transmitter that broadcasts its Global Positioning Satellite System (GPS) coordinates to other vessels as well as the United States Coast Guard Vessel Traffic Center in New Orleans.[4] On January 20, 2009, Captain Larry Earl Strouse, plaintiffs' expert, navigated the Bruce downstream through Sardine Crossing to demonstrate that the Bruce was a good handling line boat. On its course, the Bruce met an upbound tanker, the M/V Hellespont Protector. The Hellespont Protector later met another downbound line tow, the M/V Donna Griffin. The positions of these vessels were recorded by AIS transmissions.

AET seeks to submit into evidence a PortView computer representation of only the Bruce's course as it navigated Sardine Crossing on January 20, 2009. Plaintiffs do not object to the representation of the Bruce's course as long as the positions of the Hellespont Protector and the Donna Griffin are also displayed, and as long as the Court recognizes that the PortView computer representations are not necessarily accurate depictions

---

[4] (R. 87 at 26.)

of AIS transmissions.  AET asserts that the positions of the Hellespont Protector and the Donna Griffin are irrelevant because their meeting on January 20, 2009 had nothing to do with the collision between the Bruce Hahn and the Subaru on October 21, 2006.

Under the Federal Rules of Evidence, relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.[5]  All relevant evidence is admissible, unless otherwise proscribed by law.[6]  Evidence that is not relevant is not admissible.[7]  Relevant evidence also may be excluded if its probative value is substantially outweighed by the danger of confusion of the issues or considerations of undue delay, waste of time, or needless presentation of cumulative evidence.[8]

The Court finds that neither party has demonstrated that the PortView representations of the Bruce, the Hellespont Protector or the Donna Griffin on January 20, 2009 makes any fact

---

[5] Fed. R. Evid. 401.

[6] Fed. R. Evid. 402.

[7] *Id.*

[8] Fed. R. Evid. 403.

concerning the collision between the Bruce and the Eagle Subaru on October 21, 2006 more or less probable. AET does not offer any reason why the position of the Bruce on January 20, 2009 is relevant. Indeed, AET emphasizes that the positions of the Hellespont Protector and the Donna Griffin in January 2009 are irrelevant because they do not concern whether the Bruce complied with its alleged agreement to meet the Eagle Subaru port-to-port in October 2006, and this same reasoning applies to the position of the Bruce in January 2009. For their part, plaintiffs assert that the positions of the Bruce, the Hellespont Protector and the Donna Griffin in January 2009 are relevant because they illustrate the proper method for an upbound tanker to reduce speed before meeting a downbound barge flotilla at Sardine Crossing. Without evidence concerning why these ships met the way they did, however, their meeting is not comparable to the meeting between the Bruce and the Eagle Subaru in October 2006, nor is it evidence of custom or practice. Moreover, this dispute is not about whether it is abstractly possible for two vessels to safely pass through Sardine Crossing, but rather whether the Bruce Hahn or the Eagle Subaru, or both, is at fault for the particular course taken on October 21, 2006. Lastly, even if the relative positions of the Bruce, the Hellespont Protector and the Donna Griffin in January 2009 are marginally relevant to the

facts of this case, which they are not, this evidence still would be substantially outweighed by the danger of confusion of the issues and considerations of needless presentation of cumulative evidence. Liability in this case will turn on a narrow sequence of events that took place on October 21, 2006. The AIS positions of the Bruce and the Eagle Subaru on that date will be highly relevant. The AIS positions of the Bruce and two random vessels in January 2009, however, would be cumulative at best and confusing to the Court at worst.

For the reasons stated, AET's motion *in limine* to exclude evidence of 2009 meetings between other vessels is GRANTED. Because the Court will exclude the PortVision representations of the Hellespont Protector and the Donna Griffin on January 20, 2009, the Court treats plaintiffs' motion *in limine* to admit in evidence all PortVision AIS DATA subject to its limitations and mistakes as an objection to the PortVision representation of the Bruce on January 20, 2009. Plaintiffs' motion is GRANTED to the extent it seeks to exclude the PortVision representation of the Bruce on January 20, 2009, and it is otherwise DENIED.

**B.   Motion *In Limine* to Admit the Expert Report of Larry Earl Strouse**

Plaintiffs' expert, Larry Earl Strouse, a Mississippi River

6

navigation expert, is unavailable to testify at trial. AET does not object to the admission of Strouse's perpetuation deposition, but it does object to the admission of Strouse's expert report on grounds of hearsay. Plaintiffs assert that Strouse's report is admissible under the residual exception to the hearsay rule.

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."[9] Hearsay is not admissible except as provided by the Federal Rules of Evidence or other law.[10] Under the residual exception to the hearsay rule, hearsay may be admissible if it has "circumstantial guarantees of trustworthiness" and "if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence."[11]

Expert reports are hearsay because they are out of court

---

[9] Fed. R. Evid. 801(c).

[10] Fed. R. Evid. 802.

[11] Fed. R. Evid. 807.

statements offered to prove the truth of the matter asserted.[12]
Plaintiffs nonetheless assert that Strouse's expert report should
be admitted under the residual hearsay exception because it has
circumstantial guarantees of trustworthiness. The Court finds,
however, that the report is not admissible under the residual
exception because it is not more probative than other evidence
that the parties have already agreed to introduce. Specifically,
Strouse's unsworn expert report is less probative and less
trustworthy than his sworn perpetuation deposition testimony.
The Court will consider the latter, but the former is
inadmissible hearsay. Plaintiffs' motion *in limine* to admit
Strouse's expert report is DENIED.


**III. CONCLUSION**

For the reasons stated:

AET's motion *in limine* to exclude evidence of 2009 meetings
between other vessels is GRANTED.

Plaintiffs' motion *in limine* to admit in evidence all
PortVision AIS DATA subject to its limitations and mistakes is

---

[12] *See, e.g.*, *Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463, 178 (E.D. La. 2007) (Vance, J.); *Katz v. State farm Fire & Cas. Co.*, Civ. A. No. 06-4155, 2009 WL 1380533, at *1 (E.D. La. may 15, 2009) (Vance, J.); *White v. Great West Cas. Co.*, Civ. A. No. 08-1491, 2009 WL 3254562, at *1-2 (W.D. La. Oct. 8, 2009).

8

GRANTED to the extent it seeks to exclude the PortVision representation of the Bruce on January 20, 2009, and it is otherwise DENIED.

Plaintiffs' motion *in limine* to admit the expert report of Larry Earl Strouse is DENIED.

New Orleans, Louisiana, this 15th day of April, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE